IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EVA ATKINS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) **CV418-156** |
| NATIONAL RAILROAD PASSENGER | ) |
| CORPORATION d/b/a AMTRAK | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Eva Atkins and files this Complaint against Defendant National Railroad Passenger Corporation d/b/a Amtrak alleging as follows:

### PARTIES

**1.**

Plaintiff Eva Atkins ("Plaintiff") is a resident of Bulloch County, Georgia.

**2.**

Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak" or "Defendant") is a corporation organized under the laws of the District of Columbia with its principle place of business located at 60 Massachusetts Avenue, N.E., Washington, D.C. 20002. Defendant may be served with process through its registered agent CT Corporation System located at 1015 15th Street, N.W., Suite 1000, Washington, D.C. 20005 or by certified mail to Eleanor D. Acheson, Chief Legal Officer, General Counsel & Corporate Secretary at 1 Massachusetts Avenue, NW, Washington, D.C. 20001.

1

**3.**

At all times relevant to this action, Defendant was doing business in the State of Georgia, including Chatham County, and operating a station located at 2611 Seaboard Coastline Drive, Savannah, GA 31401.

## JURISDICTION AND VENUE

**4.**

The parties in this action are diverse and the amount of controversy exceeds $75,000. Therefore, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.

**5.**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this case occurred in this district.

## FACTS

**6.**

In approximately May, 2017, Plaintiff took a trip on an Amtrak train from Savannah, Georgia to Rocky Mount, North Carolina.

**7.**

On May 23, 2017, Plaintiff returned on an Amtrak train to the Savannah Station located at 2611 Seaboard Coastline Drive, Savannah, GA 31401 (hereinafter "Savannah Station").

**8.**

At the time of her trip, Plaintiff needed special assistance boarding and exiting the train due to problems with her back and knees.

9.

Prior to her trip, Plaintiff notified Amtrak that she needed special assistance boarding and exiting the train.

10.

When the Amtrak train arrived at the Savannah Station, Plaintiff was instructed by an employee of Defendant to exit the train by walking down steps that had a stool placed at the bottom of the steps.

11.

As Plaintiff was walking down the steps, there was an employee of Defendant in front of her and she believes there was another employee of Defendant behind her.

12.

However, these individuals did not in any way assist her down the steps.

13.

As Plaintiff neared the bottom of the steps, she fell suffering significant injuries.

14.

Defendant's employees failed to do anything to prevent Plaintiff from falling.

15.

An investigation by the U.S. Department of Justice ("DOJ") found that Amtrak was not in compliance with the American Disabilities Act of 1990 ("ADA").

16.

Based upon these findings, on June 9, 2015, the DOJ directed Amtrak to make the following remedies which are relevant to this action:

    (a)    Make all station facilities compliant with the ADA and its implementing regulations;

    (b)    Educate employees on the requirements of the ADA, its regulations and the agreement to comply with the DOJ's findings;

    (c)    Train all personnel to assist individuals with disabilities in a respectful and courteous way and to hold those personnel failing to do so accountable;

    (d)    Pay compensatory damages to persons aggrieved in an appropriate amount for injuries caused by Amtrak's failure to comply with the ADA and its regulations.

**17.**

At the time Plaintiff was injured, the Amtrak Savannah Station had not complied with these directives from the DOJ.

**18.**

At all times relevant to this action, Defendant was a common carrier under Georgia Law.

## DAMAGES

**19.**

As a direct and proximate result of her fall, Plaintiff suffered severe injuries including injuries to her face, head, vision and both shoulders.

**20.**

Plaintiff's injuries are permanent in nature.

**21.**

Plaintiff's medical treatment for her injuries has resulted in extensive medical expenses and she will likely incur additional medical expenses in the future.

22.

As a result of her injuries, Plaintiff has suffered and will continue to suffer physical, mental and emotional pain and suffering.

## COUNT I- NEGLIGENCE

23.

Plaintiff realleges and incorporates the allegations in paragraphs 1 through 22 above as set forth herein.

24.

At the time of this incident, Plaintiff was a customer of Defendant and as such, was an invitee.

25.

Defendant owed a duty to Plaintiff to exercise ordinary care to keep her safe.

26.

At all times relevant to this action, Defendant was a common carrier under Georgia law.

27.

As a common carrier, Defendant had a heightened duty to exercise extraordinary diligence in keeping Plaintiff safe.

28.

Defendant owed a duty to comply with all applicable requirements of the ADA and all other applicable statutes and regulations.

29.

Defendant breached its duties to Plaintiff by failing to safely assist Plaintiff as she exited the

Amtrak train.

**30.**

Defendant breached its duties to Plaintiff by failing to have an appropriate manner for the Plaintiff to exit the train.

**31.**

Defendant breached its duties to Plaintiff by failing to have other appropriate means to assist disabled passengers, including Plaintiff, while exiting the train.

**32.**

Defendant breached its duties to Plaintiff by failing to comply with the ADA.

**33.**

Defendant breached its duties to Plaintiff by failing to comply with other applicable statutes and regulations.

**34.**

Defendant breached its duties to Plaintiff by failing to enact and/or enforce policies and procedures to enable passengers in need of special assistance, including Plaintiff, to safely exit the train.

**35.**

Defendant breached its duties to Plaintiff by failing to properly train and instruct its employees on how to safely assist passengers, including Plaintiff, with exiting the train.

**36.**

Defendant otherwise breached its duties to Plaintiff by failing to exercise appropriate care in keeping Plaintiff safe.

**37.**

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered severe and permanent injuries as detailed previously in this Complaint.

## COUNT II- PUNITIVE DAMAGES

**38.**

Plaintiff realleges and incorporates the allegations in paragraphs 1 through 37 above as set forth herein.

**39.**

As stated previously, in June of 2015, Defendant was directed by the DOJ to ensure its stations, including the Savannah Station, complied with the ADA and that all personnel was appropriately trained to assist individuals with disabilities.

**40.**

Despite these directives from the DOJ, Defendant chose not to comply with the ADA or properly train its employees to assist individuals with disabilities.

**41.**

In addition to Plaintiff, other individuals have been injured at the Savannah Station and likely at other Amtrak stations due to Defendant's failure to comply with the ADA and conduct proper training of its employees.

**42.**

For these reasons, Defendant has acted with wilful misconduct, wantonness and/or an entire want of care which raises the presumption of conscious indifference to the consequences and warrants the imposition of punitive damage against Defendant.

WHEREFORE, Plaintiff prays for the following:

a) That a trial by jury be held on all issues;

b) That process issue as required by law;

c) That judgement be entered in favor of Plaintiff and against Defendant for compensatory damages, including past and future medical expenses and past, present and future physical, mental and emotional pain and suffering;

d) That the Court award punitive damages against Defendant;

e) That the Court award Plaintiff all costs and reasonable attorney's fees and expenses; and

f) That Plaintiff have any and all such relief as this Court may deem just and equitable.

Respectfully submitted this 27TH day of June, 2018.

Roy R. Kelly, IV, Esq.
Georgia Bar No. 413059
rkelly@kklegal.com
Caitlin J. Derst
Georgia Bar No.: 532231
cderst@kklegal.com
KELLY & KELLY, LLP
301 East 37th Street
Savannah, GA 31401
912-234-0411 telephone
912-999-6870 facsimile
*Attorneys for Plaintiff*